IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| SCOTT PEDERSEN,<br><br>Plaintiff,<br><br><br><br><br><br><br><br><br><br><br>vs.<br><br><br><br>WESTERN PETROLEUM, INC. and PERRY TAYLOR,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS DEFENDANT TAYLOR, GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE AFFIDAVIT OF HAROLD STEPHENS, AND GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S ADEA CLAIM<br><br><br><br><br><br>Case No. 2:07-CV-997 TS |
| WESTERN PETROLEUM, INC.,<br><br>Counterclaimant,<br><br>vs.<br><br>SCOTT PEDERSEN,<br><br>Counterdefendant. | |

1

This matter came before the Court on Plaintiff's Motion for Leave to File and Defendants' two Motions to Dismiss on April 1, 2008.[1] For the reasons stated below, the Court will grant in part and deny in part Defendants' Motion to Dismiss as it relates to Defendant Taylor. The Court will dismiss Plaintiff's ADEA and state law claims against Defendant Taylor, but will not dismiss Plaintiff's FMLA claims against him. Additionally, the Court will grant Plaintiff's Motion for Leave to File and will consider the Affidavit of Harold Stephens. Finally, the Court will grant Defendants' Motion to Dismiss Plaintiff's ADEA claim for failure to exhaust administrative remedies.

## I.  FACTUAL BACKGROUND

The following facts are taken from Plaintiff's Amended Complaint. At the time Plaintiff filed his Amended Complaint he was 56 years old and had begun working for Defendant Western Petroleum's predecessor, Basin Petroleum, approximately sixteen years ago. Upon Defendant Western Petroleum's ("Western") acquisition of Basin Petroleum, Plaintiff continued to work for Western for approximately four years.

During the course of his employment, upper management individuals regularly referred to Plaintiff as "old man." They also referred to another employee over 50 as the "silver haired old man."

In 2006, Plaintiff was promoted to the Lube Division Operations Manager. As Lube Division Operations Manager, Plaintiff supervised thirty to thirty-five employees, was responsible for Western's lubricants operations spanning seven depots, and received quarterly

---

[1] The Court had originally scheduled oral argument on Defendants' Motion for Temporary Restraining Order (Docket No. 21). After reviewing the Motion, however, the Court determined that an evidentiary hearing on the Motion was necessary. The Court set that hearing for May 9, 2008. As a result, Defendant's Motion to Strike, filed in relation to that Motion is now moot.

bonuses based on sales out of those depots.  While employed as such, Plaintiff did not receive a negative appraisal of his job performance.

Between May 3 and July 3, 2007, Plaintiff took an employer-approved FMLA leave for a "serious health condition," namely the surgical repair of discs in his neck and complications arising from the surgery.  While on leave, Defendant Perry Taylor, the President of Western, and his brother, the Vice President of Western were recruiting someone from California to replace Plaintiff.  While on leave, Plaintiff was replaced with an individual—Mason Duncan—who was substantially younger than himself.

Plaintiff returned to work in July 2007.  Western did not allow him to return to his previous position as Lube Division Operations Manager.  Western assigned him to dispatch.  Plaintiff was then reassigned to the position of Warehouse Manager which, according to the Amended Complaint, was a demotion.  Plaintiff worked at this position for approximately one month.

As Warehouse Manager, Plaintiff was now supervised by Mr. Duncan, the employee that had taken over his position as Lube Division Operations Manager.  Plaintiff alleges that Mr. Duncan threatened several times that he could terminate his employment.  Plaintiff alleges that Mr. Duncan, on multiple occasions, yelled orders at him in front of other employees.  Plaintiff attempted to complain to Mr. Taylor about this and was told to "go kiss and make up."

On or about August 1, 2007, Plaintiff alleges that Mr. Duncan came to Plaintiff's work site and ordered him to get into his truck with him.  Plaintiff alleges that Mr. Duncan then drove Plaintiff about a mile, stopped the truck, and threatened to have Plaintiff's employment terminated.  Mr. Duncan then allegedly kicked Plaintiff out of the truck and left him on the side of the road.  Plaintiff did not return to work after this incident.

## II.  PROCEDURAL BACKGROUND

On November 27, 2007, Plaintiff filed a Charge of Discrimination with the Utah Labor Commission's Anti-Discrimination and Labor Division ("UALD") who cross filed it on his behalf with the Equal Employment Opportunity Commission ("EEOC").  Defendant filed his Complaint in this Court on December 26, 2007.  Plaintiff's original Complaint did not contain a claim under the ADEA.  On January 21, 2008, fifty-five days later, Plaintiff filed a Request for Withdrawal of Charge of Discrimination and Request for a Notice of Right to Sue with the UALD.  In that Request, Plaintiff sought to withdraw his Charge of Discrimination from the UALD and requested a Notice of Right to Sue from the EEOC.  On January 28, 2008, more than sixty days after he filed his Charge of Discrimination, Plaintiff filed an Amended Complaint which added a claim under the ADEA.  Plaintiff's Amended Complaint alleges against Defendants Western Petroleum and Perry Taylor: (1) an FMLA interference claim; (2) an FMLA retaliation claim; (3) a claim under the ADEA; and (4) various state law claims.

Defendants now seek dismissal on two grounds.  First, Defendant Taylor seeks dismissal of all claims against him.  Second, Defendants collectively seek dismissal of Plaintiff's third cause of action under the ADEA for failure to exhaust administrative remedies.  In relation to Defendants' second Motion, Plaintiff seeks to file the Affidavit of Harold Stephens, a UALD employee.  The Court will discuss each Motion in turn.

## II.  MOTION TO DISMISS - DEFENDANT TAYLOR

A.   STANDARD

In considering a motion to dismiss under Rule 12(b)(6), all well-pleaded factual allegations, as distinguished from conclusory allegations, are accepted as true and viewed in the

4

light most favorable to the nonmoving party.² Plaintiff must provide "enough facts to state a claim to relief that is plausible on its face."³ All well-pleaded factual allegations in the Amended Complaint are accepted as true and viewed in the light most favorable to the nonmoving party.⁴ But, the court "need not accept conclusory allegations without supporting factual averments."⁵ "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."⁶

B.  DISCUSSION

Defendant's Motion to Dismiss asserts that Defendant Taylor is not a proper defendant and that he should be summarily dismissed. At oral argument, Plaintiff agreed that his ADEA and state law claims should be dismissed against Defendant Taylor, leaving only his FMLA claims. Defendants argue that individual liability under the FMLA is inappropriate here. Defendants argue that there is no authority in the Tenth Circuit for supervisory liability under the FMLA.

---

²*Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002).

³*Bell Atlantic Corp. v. Twombly*, ___ U.S. __, 127 S.Ct. 1955, 1974 (2007) (dismissing complaint where Plaintiffs "have not nudged their claims across the line from conceivable to plausible").

⁴*GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

⁵*Southern Disposal, Inc., v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998); *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991).

⁶*Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

Under the FMLA, the term "employer" includes "any person who acts, directly or indirectly, in the interest of the employer to any of the employees of such employer."[7] FMLA regulations provide that this definition "includes any person who acts directly or indirectly in the interest of an employer to any of the employer's employees."[8] The regulations also make clear that "individuals such as corporate officers 'acting in the interest of an employer' are individually liable for any violations of the requirements of FMLA."[9] The majority of courts that have addressed the issue have found that individuals may be held liable as employers for purposes of the FMLA.[10] While it is true that the Tenth Circuit has apparently not decided the issue, the Court joins with those courts which have found individual liability under the FMLA.

Under the FMLA, "the test for liability is whether the defendant had the ability to control, in whole or in part, whether the plaintiff could take a leave of absence and return to the position."[11] Plaintiff's Amended Complaint alleges that Defendant Taylor is the President of Western Petroleum and was Western Petroleum's chief decision maker in the personnel matter of demoting Plaintiff following his FMLA leave. Plaintiff alleges that while he was on FMLA leave, Defendant Taylor was recruiting Mr. Duncan to replace him. Plaintiff further alleges that

---

[7] 29 U.S.C. § 2611(4)(A)(ii)(I).

[8] 29 C.F.R. § 825.104(d).

[9] *Id*.

[10] *See, e.g., Richardson v. CVS Corp.*, 207 F.Supp. 2d 733, 741 (E.D. Tenn. 2001) (collecting cases).

[11] *Oby v. Baton Rouge Marriott*, 329 F.Supp. 3d 772, 788 (M.D. La. 2004). *See also Freemon v. Foley*, 911 F.Supp. 326, 332 (N.D. Ill. 1995) (holding that FMLA "extends to all those who controlled 'in whole or in part' [plaintiff's] ability to take a leave of absence or return to her position").

he was not allowed to return to his previous position after taking FMLA leave and that within a week of returning from his leave, Defendant Taylor informed Plaintiff that Defendant Western Petroleum was reassigning him to the position of Warehouse Manager.

From the above, Plaintiff has sufficiently alleged that Defendant Taylor had the ability to control whether Plaintiff could take a leave of absence or return to his position. Therefore, Plaintiff has sufficiently alleged that Defendant Taylor is an employer under the FMLA. Therefore, Defendants' Motion to Dismiss on this ground will be denied. The Court will, however, grant Defendant Taylor's Motion as it relates to Plaintiff's ADEA and state law claims.

## II.  MOTION FOR LEAVE TO FILE

Before reaching the merits of Defendant's Motion to Dismiss Plaintiff's third cause of action, the Court must consider Plaintiff's Motion for Leave to File the Affidavit of Harold Stephens.

In Defendants' Motion to Dismiss concerning Plaintiff's third claim for relief, discussed below, Defendants argue that Plaintiff failed to exhaust his administrative remedies by failing to cooperate in the administrative process. Plaintiff seeks to submit the affidavit of Harold Stephens, an individual working with the UALD, in an attempt to rebut Defendants' argument.

Defendants originally opposed the Motion. However, during oral argument, both parties discussed and relied upon the Affidavit of Harold Stephens. The Court also provided Defendants an opportunity, at oral argument, to present evidence rebutting the Affidavit. Defendants declined. As a result of this, the Court will consider the Affidavit in relation to Plaintiff's Motion to Dismiss Plaintiff's third claim for relief. As exhaustion of administrative remedies is

a jurisdictional prerequisite to suit under the ADEA,[12] consideration of the Stephens Affidavit does not convert Defendants' Motion to Dismiss into one for summary judgment under Rule 56.[13]

### III.  MOTION TO DISMISS - PLAINTIFF'S THIRD CAUSE OF ACTION

Defendants seek dismissal of Plaintiff's third cause of action, which alleges a violation of the ADEA.  Defendants argue that Plaintiff has failed to exhaust his administrative remedies under the ADEA.

The ADEA provides that "[n]o civil action may be commenced by an individual under this section until 60 days after a charge alleging unlawful discrimination has been filed with the Equal Employment Opportunity Commission."[14]  The regulations under the ADEA provide that "[a]n aggrieved person whose claims are the subject of a timely pending charge may file a civil action at any time after 60 days have elapsed from the filing of the charge with the Commission (or as provided in § 1626.12) without waiting for a Notice of Dismissal or Termination to be issued."[15]

There is no dispute here that Plaintiff filed a Charge of Discrimination with the Utah Labor Commission and the EEOC.  There is also no dispute that Plaintiff filed this action more

---

[12] *See Shikles v. Sprint/United Mgmt. Co.*, 426 F.3d 1304, 1317 (10th Cir. 2005) ("[A] plaintiff's exhaustion of his or her administrative remedies is a jurisdictional prerequisite to suit under the ADEA.").

[13] *See Wheeler v. Hurdman*, 825 F.2d 257, 259 n.5 (10th Cir.), *cert. denied*, 484 U.S. 986 (1987) ("[A] 12(b)(1) motion is considered a 'speaking motion' and can include references to evidence extraneous to the complaint without converting it to a Rule 56 motion.").

[14] 29 U.S.C. § 626(d).

[15] 29 C.F.R. § 1626.18(b).

than sixty days after he filed that Charge.  The issue here is what impact, if any, Plaintiff's withdrawal of the Charge at day fifty-five of the administrative proceeding has on the exhaustion requirements.

The Tenth Circuit has explained "that a plaintiff's exhaustion of his or her administrative remedies is a jurisdictional prerequisite to suit under the ADEA."[16]  In *Khader v. Aspin*,[17] the Tenth Circuit addressed a situation where a federal agency employee brought a Title VII action against her employer after she had abandoned the administrative process before it was complete.[18]  There, the Court held that "when a complainant refuses or fails to provide the agency information sufficient to evaluate the merits of the claim, he or she 'cannot be deemed to have exhausted administrative remedies.'"[19]  The Court held that this was "also true of a complainant who abandons his or her claim before the agency has reached a determination."[20]  As a result of plaintiff's failure to provide sufficient information, the Court held that she had failed to exhaust her administrative remedies.[21]

One of the cases cited by the court in *Khader* is the Ninth Circuit case of *United States v. Rivera*.[22]  In that case, the plaintiff cancelled an appeal with the EEOC while it was pending and

---

[16]*Shikles*, 426 F.3d at 1317.

[17]1 F.3d 968 (10th Cir. 1993).

[18]*Id*. at 969–70.

[19]*Id*. at 971 (quoting *Wade v. Secretary of Army*, 796 F.2d 1369, 1376 (11th Cir. 1986)).

[20]*Id*. (citing *Rivera v. United States Postal Service*, 830 F.2d 1037, 1039 (9th Cir. 1987)).

[21]*Id*.

[22]830 F.2d 1037.

then brought suit.[23] The court held that "[t]o withdraw is to abandon one's claim, to fail to exhaust one's remedies. Impatience with the agency does not justify immediate resort to the courts."[24] As a result, the Court held that the plaintiff had failed to exhaust his administrative remedies by withdrawing his notice of appeal.[25]

The Tenth Circuit recently discussed the application of *Khader* in the context of an ADEA private employment case in *Shikles v. Sprint/United Management Co.*[26] The court noted that the reasoning of *Khader* was equally applicable in that case, even though it involved a private sector employee who brought suit under the ADEA.[27] In that case, the court held "that a private sector employee must cooperate with the EEOC in order for the employee to exhaust his or her administrative remedies under the ADEA."[28]

A number of courts have ruled that a plaintiff who has abandoned the administrative process has failed to exhaust his administrative remedies.[29] Other courts have held that when a plaintiff dismisses his or her administrative complaint before the expiration of the sixty-day

---

[23]*Id*. at 1038.

[24]*Id*. at 1039.

[25]*Id*.

[26]426 F.3d 1304.

[27]*Id*. at 1311.

[28]*Id*.

[29]*See Wrenn v. Sec'y, Dept. of Veterans Affairs*, 918 F.2d 1073, 1078 (2d Cir. 1990); *Castro v. United States*, 775 F.2d 399, 404 (1st Cir. 1985); *Purtill v. Harris*, 658 F.2d 134, 138 (3d Cir. 1981).

waiting period, they have failed to exhaust their administrative remedies.[30]  Further, courts addressing the issue before the Court—withdrawing an administrative complaint—have held that taking such action constitutes a failure to exhaust administrative remedies.[31]  As the Third Circuit has stated, "[a]llowing a plaintiff to abandon the administrative remedies he has initiated would tend to frustrate the ability of the agency to deal with complaints."[32]

Here, Plaintiff argues that he complied with the administrative process and chose to withdraw his Charge of Discrimination only after an unsuccessful Resolution Conference was held with the UALD.  After the Conference, a UALD representative presented Plaintiff with two mutually exclusive options: terminating the agency process and dismissing the charge or requesting the UALD to commence an investigation of the Charge.[33]  Plaintiff chose to terminate the administrative process, withdraw his Charge, and bring suit in this Court.  This was done only fifty-five days after he filed his Charge of Discrimination.  While there is no evidence that Plaintiff failed to fully comply with the UALD during these fifty-five days, it is undisputed that by withdrawing his Charge he terminated the agency process.  There is no evidence that the administrative process was at an end after the Resolution Conference.  In fact, all evidence is to the contrary.  As noted, Plaintiff was presented with the opportunity to continue with the administrative process, but made the decision not to do so and withdrew his charge.  By

---

[30]*See Tucker v. Colo. Dept. of Pub. Health & Environ.*, 104 Fed.Appx. 704, 710 (10th Cir. 2004) (discussing Title VII).

[31]*Bowers v. Nicholson*, 2007 WL 3047223, *8 (S.D. Tex. Oct. 18, 2007) (collecting cases).

[32]*Purtill*, 658 F.2d at 138.

[33]Docket No. 17, Exhibit B, at ¶ 11.

withdrawing his Charge, Plaintiff abandoned the administrative process and has failed to exhaust his administrative remedies. Therefore, the Court is without subject matter jurisdiction over Plaintiff's third claim for relief and it will be dismissed.

## IV.  CONCLUSION

It is therefore

ORDERED that Defendants' Motion to Dismiss Defendant Taylor (Docket No. 6) is GRANTED IN PART AND DENIED IN PART.  It is further

ORDERED that Plaintiff's Motion for Leave to File (Docket No. 16) is GRANTED.  It is further

ORDERED that Defendants' Motion to Dismiss Plaintiff's Third Cause of Action (Docket No. 8) is GRANTED.  It is further

ORDERED that Defendants' Motion to Strike (Docket No. 28) is DENIED AS MOOT. It is further

ORDERED that the Court will conduct an evidentiary hearing on Defendants' Motion for Temporary Restraining Order (Docket No. 21) on May 9, 2008.

DATED   April 8, 2008.

BY THE COURT:

_____
TED STEWART
United States District Judge